***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Houser. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Houser with minor modifications.
 *********** PROCEDURAL HISTORY
At the initial hearings on May 17, 2000 and September 6, 2000, the parties agreed to a bifurcation of the issues in this matter, with the issue of whether plaintiff was an independent contractor or an employee at the time of his injuries being the initial determination.
On October 4, 2002, the Full Commission filed an Opinion and Award in which it was found that plaintiff was an employee of defendant-employer within the meaning of the North Carolina Workers' Compensation Act, and that the parties to this action were subject to and bound by its provisions. Further, the Full Commission found that plaintiff sustained an injury by accident arising out of and the course and scope of his employment with defendant-employer on December 23, 1998.
These findings by the Full Commission were then appealed to the North Carolina Court of Appeals by defendants. Upon that appeal being found to be interlocutory, this matter was remanded to the Deputy Commissioner Section of the Industrial Commission for the taking of additional evidence and an entry of an Opinion and Award as to what, if any, benefits plaintiff is entitled to receive pursuant to the Act. Following issuance of an Opinion and Award by Deputy Commissioner Houser, the matter was appealed to the Full Commission.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. Plaintiff was involved in an automobile collision on December 23, 1998. As a result of this automobile collision, plaintiff sustained injuries including, but not limited to, an angulated displacement fracture of the left humeral shaft, left femoral shaft with significant angulation and displacement, fracture of the left tibia, closed head injury, significant depression and radial nerve palsy.
2. The parties have stipulated into evidence the following exhibits:
a. Plaintiff's Medical Records;
 b. A Contract between Carolina Transportation and the Hilton of Charlotte, and;
c. Six Pages of Photographs.
3. The Industrial Commission takes judicial notice of Industrial Commission Forms 18, 33, 33R and the amended Form 33.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On December 23, 1998, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer when he was involved in an automobile collision.
2. As the result of his December 23, 1998 injury by accident, plaintiff has previously been found to have sustained an angulated displacement fracture of his left humeral shaft, left femoral shaft with significant angulation and displacement, a fracture of the left tibia, a closed head injury, significant depression, radial nerve palsy, and a shortened left leg.
3. Following his injury by accident, plaintiff was transported by ambulance to Alamance Regional Medical Center. Plaintiff remained at that facility for a short period, and was then transferred to UNC-Chapel Hill Hospital. Next, plaintiff was transferred to the Broughton mental health facility after verbally expressing an intent to kill his employer. Plaintiff remained at Broughton for a few days for observation before returning the Charlotte area. At the hearing before the deputy commissioner, plaintiff testified that his transfer to Broughton occurred following a telephone conversation with defendant-employer's owner. At the time of this conversation, plaintiff was taking morphine as prescribed, and during it was informed by defendant-employer's owner that he would have to pay for the damage to defendant-employer's vehicle even if it meant being sued. Plaintiff further testified that although he may have been angry, he had no real, competent intent to kill or harm defendant-employer's owner.
4. Plaintiff's testimony regarding the circumstances of his transfer to Broughton is accepted by the undersigned as credible.
5. Upon his return to Charlotte, plaintiff began treating with Dr. Robert Blake at Carolina Orthopaedic Sports Medicine Center. Through his treatment with Dr. Blake, plaintiff also received medical treatment at Gaston Memorial Hospital Pain Center and from Gaston Memorial Hospital Rehabilitation Services.
6. On May 22, 2000, plaintiff underwent an independent medical examination by Dr. Neal Taub. Dr. Taub has assigned a seventeen percent (17%) permanent partial disability rating to plaintiff's left lower extremity and a ten percent (10%) rating to his upper left extremity.
7. Based upon the credible evidence of record, as the result of his December 23, 1998 injury by accident, plaintiff was unable to earn any wages in any employment from the date of his vehicle accident through March 3, 2000.
8. Subsequent to March 3, 2000, plaintiff was released to full duty and attempted some work. Plaintiff was able to hold at least one job for approximately a year and a half subsequent to March 3, 2000.
9. On October 18, 2002, plaintiff underwent an examination by Dr. Blake for the purpose of assigning a permanent partial disability rating. Following his examination, Dr. Blake assigned plaintiff a permanent partial disability rating of thirty-three percent (33%) to his left lower extremity and a seventeen percent (17%) disability rating to his upper left extremity as the result of his injury by accident. Dr. Blake also assigned plaintiff a seven percent (7%) permanent partial disability for his shoulder, however according to Dr. Blake's medical records, that rating was not directly related the December 23, 1998 accident.
10. Dr. Blake has recommended that plaintiff undergo vocational counseling in an attempt to return to and hold gainful employment.
11. Given his status as plaintiff's long term treating physician, the undersigned gives greater weight to the opinions of Dr. Blake as opposed to those of Dr. Taub.
12. As the result of his December 23, 1998 injury by accident, plaintiff has sustained a thirty-three percent (33%) permanent partial disability rating to his left lower extremity and a seventeen percent (17%) permanent partial disability rating to his upper left extremity.
13. Based upon the best available evidence of record, plaintiff's average weekly wage on December 23, 1998 was $449.32, yielding a compensation rate of $299.69.
14. The treatment provided to plaintiff by Dr. Blake, UNC-Hospital, the Broughton facility, Gaston Memorial Hospital Pain Center, Gaston Memorial Hospital Rehabilitation Services, by Dr. Taub, the Alamance County EMS, and Alamance Regional Medical Center was reasonably necessary and is hereby approved.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Based upon the best available evidence of record, plaintiff's average weekly wage on December 23, 1998 was $449.32, yielding a compensation rate of $299.69. N.C. Gen. Stat. § 97-2(5).
2. On December 23, 1998, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer when he was involved in an automobile collision. N.C. Gen. Stat. § 97-2(6).
3. As the direct and natural result of, and causally related to his December 23, 1998 injury by accident, plaintiff sustained an angulated displacement fracture of his left humeral shaft, left femoral shaft with significant angulation and displacement, a fracture of the left tibia, a closed head injury, significant depression, radial nerve palsy, and a shortened left leg. Id.
4. The treatment provided to plaintiff by Dr. Blake, UNC-Hospital, the Broughton facility, by Gaston Memorial Hospital Pain Center, Gaston Memorial Hospital Rehabilitation Services, by Dr. Taub, the Alamance County EMS, and Alamance Regional Medical Center was reasonably necessary and is hereby approved. N.C. Gen. Stat. § 97-25.
5. As the result of his December 23, 1998 injury by accident plaintiff is entitled to be paid by defendants total disability compensation at the rate of $299.69 per week for the period of December 23, 1998 through March 3, 2000. N.C. Gen. Stat. § 97-29.
6. As the result of his December 23, 1998 injury by accident plaintiff is entitled to have defendants pay him permanent partial disability compensation at the rate of $299.69 per week for a period of sixty-six (66) weeks for the thirty-three percent (33%) permanent partial disability rating to his left lower extremity, and permanent partial disability compensation at the rate of $299.69 per week for a period of forty-one (41) weeks for the seventeen percent (17%) permanent partial disability rating to his upper left extremity. N.C. Gen. Stat. §97-31(13)(15).
7. As the result of his December 23, 1998 injury by accident, plaintiff is entitled to have defendants pay for all related medical and vocational expenses incurred or to be incurred, including treatment rendered by Dr. Blake, UNC-Hospital, the Broughton facility, by Gaston Memorial Hospital Pain Center, Gaston Memorial Hospital Rehabilitation Services, by Dr. Taub, the Alamance County EMS, and Alamance Regional Medical Center.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Defendants shall pay to plaintiff total disability compensation at the rate of $299.69 per week for the period of December 23, 1998 through March 3, 2000. This compensation having accrued shall be paid to plaintiff in a lump sum, subject to the attorney's fee approved herein.
2. Defendants shall pay to plaintiff permanent partial disability compensation at the rate of $299.69 per week for a period of sixty-six (66) weeks for the thirty-three percent (33%) permanent partial disability rating to his left lower extremity, and permanent partial disability compensation at the rate of $299.69 per week for a period of forty-one (41) weeks for the seventeen percent (17%) permanent partial disability rating to his upper left extremity. This compensation having accrued shall be paid to plaintiff in a lump sum, subject to the attorney's fee approved herein.
3. Defendants shall pay for all related medical and vocational expenses incurred or to be incurred by plaintiff as the result of his December 23, 1998 injury by accident, plaintiff is entitled to have including treatment rendered by Dr. Blake, UNC-Hospital, persons at the Broughton facility, by persons at Gaston Memorial Hospital Pain Center, persons at Gaston Memorial Hospital Rehabilitation Services, by Dr. Taub, the Alamance County EMS, and persons at Alamance Regional Medical Center.
4. A reasonable attorney's fee of twenty-five percent (25%) of the compensation awarded herein is approved for counsel for plaintiff. From the compensation having accrued, this fee shall be deducted from the amounts due plaintiff and paid directly to counsel for plaintiff.
5. Defendants shall pay the costs.
This the 4th day of October, 2005.
 S/____________ BUCK LATTIMORE CHAIRMAN
 CONCURRING: S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER